# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY JUSTICE and 5TH WHEEL RECORDS, INC., *each individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>UNCHARTED LABS, INC., d/b/a Udio.com., Defendant | Case No. 1:25-cv-05026-AKH<br><br>**ANSWER TO COMPLAINT** |

Defendant Uncharted Labs, Inc., d/b/a Udio.com ("Udio"), by and through its undersigned counsel, for its Answer to the Complaint filed by Anthony Justice and 5th Wheel Records, Inc. (collectively, "Plaintiffs"), states as follows:

## NATURE OF THE ACTION[1]

1.      Udio admits that on June 24, 2024, a complaint was filed against Uncharted Labs, Inc., d/b/a Udio.com in *UMG Recordings, Inc. et al v. Uncharted Labs, Inc. et al.*, Case No. 24-cv-04777-AKH (S.D.N.Y.).  The content of the filing cited in this paragraph speaks for itself.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

2.      The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph. Udio

---

[1] The various headings and subheadings of the Complaint are not allegations and thus do not require a response. Udio reproduces them in this Answer solely for convenience. To the extent a response is required, Udio denies any allegations contained in the headings and subheadings of the Complaint.

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

3. The content of the document cited in the first sentence of this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and on that basis denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

4. Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about "independent artists, Plaintiffs, and Class Members," and on that basis denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

5. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

6. The content of the document being referred to in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

7. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it,

Udio denies those allegations. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

The U.S. Copyright Office report referred to in this paragraph and others is a draft report that was never finalized. On information and belief, it is the first time the Copyright Office has publicly released a draft report. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

8. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph. In addition, the content of the document being referred to in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

9. The allegations in the third sentence of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies those allegations. The content of the documents cited in this paragraph speaks for themself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with them, Udio denies those allegations. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

10. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

11. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

12. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

13. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

14. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

15. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

16. Udio admits that it offers a generative AI tool that creates digital music files within seconds of receiving a user's prompts. Udio also admits that it charges many of its users monthly fees to use its product and produce digital files. Udio denies any remaining allegations of this paragraph.

17. Udio denies the allegations of in the first sentence of this paragraph. With respect to the second sentence of this paragraph, the content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

18. To the extent this paragraph seeks to refer to a publicly available document, the content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those

allegations. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

19. Udio admits that constructing its generative AI tool required showing the program many instances of different kinds of recordings sources in order to derive statistical insights about them. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

20. Udio denies the allegations of this paragraph.

21. Udio denies the allegations of this paragraph.

22. The content of the document cited in this paragraph speaks for itself. Udio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

23. Udio admits that it offers a subscription plan, "Pro," available for $24 per month when an annual subscription is purchased. Udio further admits that it has been successful in its fundraising efforts and that it has raised millions of dollars in funding, including from prominent investors. Udio denies the remaining allegations of this paragraph.

24. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

25. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

## THE PARTIES

26. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

27. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

28. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

29. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

30. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

31. Udio admits that Uncharted Labs, Inc. d/b/a Udio is a Delaware corporation with its current principal place of business at 750 Lexington Avenue, Floor 9, New York, New York 10022.

## JURISDICTION AND VENUE

32. For purposes of this action, Udio does not contest subject matter jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required.

33. For purposes of this action, Udio does not contest personal jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required.

34. For purposes of this action, Udio does not contest venue. The paragraph otherwise contains legal conclusions to which no response is required.

## FACTUAL BACKGROUND

35. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

36. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

37. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

38. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

39. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

40. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

41. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

42. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

43. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

44. The content of the document cited in this paragraph speaks for itself.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it,

Udio denies those allegations. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

45. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

46. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph. Udio otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

47. Udio admits it offers free and paid versions of its services. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

48. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph, including the allegation that the "fact that Udio's AI Songs mimic the copyrighted songs supports the conclusion that Udio is using the copyrighted songs in training its AI model."

## The United States Copyright Office Report

49. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

50. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

51. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

52. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

53. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

54. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

55. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

56. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

57. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

58. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph. In addition, the content of the document cited in this section and being referred to in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

59. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

60. The content of the document and the filings in *UMG Recordings, Inc. et al v. Uncharted Labs, Inc. et al.*, Case No. 24-cv-04777-AKH (S.D.N.Y.) cited in this paragraph speak for themselves. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with them, Udio denies those allegations.

61. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

62. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It

has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

63. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

64. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

**Udio Does Not Qualify For Fair Use**

65. Udio denies the allegations of this paragraph.

66. Udio denies the allegations of this paragraph.

67. The allegations in this paragraph contain legal conclusions to which no response is required.

68. Udio denies the allegations of this paragraph.

69. Udio denies the allegations of this paragraph.

70. Udio denies the allegations of this paragraph. .

71. Udio admits the allegations of this paragraph.

72. Udio denies the allegations of this paragraph.

73. Udio denies the allegations of this paragraph.

74. Udio denies the allegations of this paragraph.

75. Udio denies the allegations of this paragraph.

76. Udio denies the allegations of this paragraph.

77. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

78. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

79. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph. In addition, the content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations.

80. Udio denies the allegations of this paragraph. The Copyright Office's expertise is limited to issues such as registration and administering some, but not all, compulsory licenses. It has no institutional expertise in infringement issues, fair use, or how any technology, in particular artificial intelligence works.

81. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

82. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

83. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

84. Udio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

## CLASS ACTION ALLEGATIONS

85. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

86. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

87. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

88. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

89. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

90. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

91. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

92. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

93. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

94. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

95. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

96. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

97. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
(Violation of 17 U.S.C. § 106(1))

98. Udio incorporates by reference its responses to all allegations set forth in paragraphs 1-97 as if fully set forth herein.

99. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

100. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

101. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

102. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

103. The allegations in this paragraph contain legal conclusions to which no response is required.

104. The allegations in this paragraph contain legal conclusions to which no response is required.

**SECOND CAUSE OF ACTION**
**(Violation of 17 U.S.C. § 106(2))**

105. Udio incorporates by reference its responses to all allegations set forth in paragraphs 1-104 as if fully set forth herein.

106. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

107. The content of the document cited in this paragraph speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, Udio denies those allegations, including denying that the documents mentions or references Udio. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio denies the allegations of this paragraph.

108. The allegations in this paragraph contain legal conclusions to which no response is required.

109. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

110. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

111. To the extent that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Udio lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted sound recordings, and on that basis denies those allegations. Udio otherwise denies the remaining allegations of this paragraph.

112. The allegations in this paragraph contain legal conclusions to which no response is required.

113. The allegations in this paragraph contain legal conclusions to which no response is required.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Udio denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## JURY DEMAND

With respect to the jury demand contained in Plaintiffs' Complaint, Udio states that no response is required. To the extent a response is deemed required, Udio denies that all of Plaintiffs' claims are properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the Complaint, Udio asserts the following affirmative defenses, incorporating by reference all of the preceding material, including without limitation the Preliminary Statement above. Udio does not concede that it has the burden of proof on the defenses listed below.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent there is copying of copyrightable expression, that copying constitutes fair use pursuant to 17 U.S.C. § 107. Udio's AI tool uses a back-end technological process, invisible to the public, in the service of creating an ultimately non-infringing new product. This is quintessential fair use.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, and laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail in whole or in part because the complained-of use was validly licensed by express or implied license.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own or hold exclusive rights under 17 U.S.C. § 106 or any copyright law over each work that was allegedly infringed by Udio, including because some or all of the material over which Plaintiffs claim copyright is not protectable and/or is in the public domain.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs establish any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' remedies are barred at least in part by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no provable injury as a result of Udio's alleged copying.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs have failed to state facts sufficient to support a claim for injunctive relief, and there is an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411–412.

## ADDITIONAL AFFIRMATIVE DEFENSES

Udio has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. Udio reserves the right to amend this Answer and/or its affirmative defenses.

## REQUEST FOR RELIEF

Therefore, Udio respectfully requests that this Court:

1. Enter judgment in Udio's favor and against Plaintiffs;

2. Dismiss all claims by Plaintiffs with prejudice;

3. Award Udio its attorneys' fees and costs to the extent permitted by law; and

4. Grant Udio such other and further relief as this Court deems just and proper.

Dated: September 17, 2025                                  Respectfully Submitted,

                                                           /s/ Andrew H. Schapiro
                                                           Andrew H. Schapiro
                                                           William F. Patry
                                                           Jessica A. Rose
                                                           Dylan I. Scher
                                                           Quinn Emanuel Urquhart & Sullivan, LLP
                                                           295 5th Avenue

New York, New York 10016
Tel: (212) 849-7000
andrewschapiro@quinnemanuel.com
williampatry@quinnemanuel.com
jessicarose@quinnemanuel.com
dylanscher@quinnemanuel.com

*Attorneys for Defendant Uncharted Labs, Inc., d/b/a Udio.com*