quinn emanuel  trial lawyers | chicago

191 N. Wacker Drive, Suite 2700, Chicago, Illinois 60606-1881 | TEL (312) 705-7400 FAX (312) 705-7401

WRITER'S DIRECT DIAL NO.
**(312) 705-7403**

WRITER'S EMAIL ADDRESS
andrewschapiro@quinnemanuel.com

March 12, 2026

<u>VIA ECF</u>

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14D
New York, New York 10007

Re: *Justice et al v. Uncharted Labs, Inc.*, No. 25-cv-05026 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

Defendant Uncharted Labs, Inc. d/b/a Udio.com ("Udio") writes in response to Plaintiffs' Notice of Supplemental Authority, Dkt. 46. Plaintiffs cite to the ruling of a Northern District of California magistrate judge in *Cordova v. Huneault*, No. 25-cv-04685, 2026 WL 184598 (N.D. Cal. Jan. 23, 2026) to support their Digital Millennium Copyright Act ("DMCA") claim. Dkt. 46. But that decision lacks both controlling or persuasive force.

The *Cordova* decision does not engage with 17 U.S.C. § 1201's distinction between "access" and "copy" controls. As Udio explained in its motion to dismiss, Section 1201 distinguishes between two different types of technological protective measures: access controls (covered by Section 1201(a)) and copy controls (covered by Section 1201(b)). Dkt. 42 at 10-13. Section 1201(a) prohibits the circumvention of access controls as well as the trafficking of technology that assists individuals in circumventing access controls. *Id.* at 12. By contrast, Section 1201(b) only contains a trafficking prohibition; it does not prohibit the circumvention of copy controls. *Id.* This distinction was purposefully designed to protect fair use. *Id.* at 12-13.

However, the *Cordova* decision did not consider whether YouTube's rolling cipher is a copy control instead of an access control. This is unsurprising because, unlike Udio here, the defendants in *Cordova* did not argue that the plaintiff actually alleged circumvention of a copy control. *Cordova*, 25-cv-04685, ECF No. 43-1 at 9-10. This oversight led the *Cordova* court to erroneously conclude that it was "immaterial" that YouTube videos are viewable by the public because the plaintiffs identified "technological measures intended to prevent unauthorized downloading" and had thus adequately alleged an access control. 2026 WL 184598 at *9. But as Udio explained in

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

its motion to dismiss, a technological protective measure that prevents downloading the work but permits access to the work is a copy control, not an access control. Dkt. 42 at 14-16.

The error in the *Cordova* court's analysis is further revealed by the cases it relies on to reach its conclusion. The *Cordova* decision cites *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, 633 F. Supp. 3d 650, 665, 670 (D. Conn. 2022); *UMG Recordings, Inc. v. Kurbanov*, No. 18-cv-957-CMH TCB, 2021 WL 6492907, at *4, 7 (E.D. Va. Dec. 16, 2021); and *Edland v. Basin Elec. Power Coop.*, No. 21-cv-04008-KES, 2021 WL 3080225, at *6 (D.S.D. July 21, 2021). 2026 WL 184598 at *9. None of these cases suggest Plaintiffs have stated a DMCA claim. First, Udio has already explained why the *Yout* court's conclusion—which is currently on appeal—should not be followed. Dkt. 42 at 16; Dkt. 45 at 6-7. Second, as Udio has already explained, the *Kurbanov* court did not suggest YouTube's rolling cipher was an access control but instead treated the rolling cipher as a copy control under Section 1201(b). Dkt 42 at 14; Dkt. 45 at 7. Third, the *Edland* decision did not address whether YouTube's rolling cipher was an access control but instead concerned the recording of YouTube videos with a mobile phone as they played on a separate screen. 2021 WL 3080225 at *6. Moreover, *Edland* also did not consider the distinction between access controls and copy controls. *Id.*

Lastly, to the extent the *Cordova* court's determination that it was "immaterial" that YouTube videos are viewable by the public was based on the Ninth Circuit's explanation that "effectively control access to a work" does not mean that an access control is "circumvention-proof," 2026 WL 184598 at *9 (quoting *MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, at 954 n.17 (9th Cir. 2010)), that logic is erroneous. That an access control need not be "circumvention-proof" does not mean that a measure that *permits* access can constitute an access control. As explained in Udio's motion to dismiss, the caselaw establishes that measures that *permit* access but prevent downloading are copy controls—not access controls. Dkt. 42 at 14-16.

For these reasons, *Cordova* does not alter the analysis set forth in Udio's Motion to Dismiss. This Court should dismiss Count Three of the Amended Complaint with prejudice.

Very truly yours,

*/s/ Andrew Schapiro*

Andrew Schapiro

AS