quinn emanuel  trial lawyers | chicago

191 N. Wacker Drive, Suite 2700, Chicago, Illinois 60606-1881 | TEL (312) 705-7400 FAX (312) 705-7401

WRITER'S DIRECT DIAL NO.
**(312) 705-7403**

WRITER'S EMAIL ADDRESS
**andrewschapiro@quinnemanuel.com**

April 3, 2026

**VIA ECF**

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14D
New York, New York 10007

Re: *Justice et al v. Uncharted Labs, Inc.*, No. 25-cv-05026 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

Defendant Uncharted Labs, Inc. d/b/a Udio.com ("Udio") respectfully submits this Notice of Supplemental Authority to bring the Court's attention to the Supreme Court's unanimous decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 2026 WL 815823 (Mar. 25, 2026), which is relevant to Udio's pending Motion to Dismiss (Dkt. 41-42, 45). Under *Cox*, Plaintiffs' allegations of contributory copyright infringement (Count II) are deficient and should be dismissed.

*Cox* holds "[t]he provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement. The intent required for contributory liability can be shown only if the party induced the infringement or the provided service is tailored to that infringement." 2026 WL 815823, at *6. Plaintiffs' First Amended Complaint ("FAC") does not adequately allege either.

Regarding the first prong, *Cox* holds that a provider "induces infringement if it actively encourages infringement through specific acts." *Id.* The FAC contains no allegations that Udio actively encouraged users to infringe through specific acts, such as advertising, promotion, or other forms of communication.

Regarding the second prong, *Cox* holds that a service is "tailored to infringement" only if it is "not capable of 'substantial' or 'commercially significant' noninfringing uses." *Id.* If a service has substantial noninfringing uses, it cannot be held contributorily liable for the infringing acts of its users, even if it has knowledge of the infringement. The FAC explicitly concedes, as it must, that

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

2

Udio's service is used to create non-infringing music.  *See* FAC ¶ 84 ("Plaintiffs' claim is that *some* Udio-generated outputs are infringing works, verbatim or near-verbatim reproductions of Plaintiffs', Class Members', and Subclass Member songs (in part or in whole).")

For these reasons, and those set forth in Udio's pending motion,  the Court should dismiss Count II of the FAC with prejudice.


Very truly yours,

Andrew Schapiro