

**DELGADO ENTERTAINMENT LAW,** PLLC

April 8, 2026

<u>**Via ECF**</u>

Honorable F. Alvin K. Hellerstein
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14D
New York, New York 10007

Re: *Justice et al. v. Uncharted Labs, Inc.,* No. 1:25-cv-05026 (AKH) (S.D.N.Y.)

Dear Judge Hellerstein:

Plaintiffs respectfully submit this response to Defendant's Notice of Supplemental Authority (Dkt. 48) regarding *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 2026 WL 815823 (Mar. 25, 2026) related to Udio's pending Motion to Dismiss (Dkt. 41-42, 45) (the "**Motion**").

A key issue before this Court is Plaintiffs' allegation that Defendant Uncharted Labs, Inc. d/b/a Udio.com ("**Udio**")'s platform generates near-exact replicas of Plaintiffs' songs (*see* Dkt. 37, ¶ 376), as pled in Plaintiffs' First Amended Complaint ("**FAC**"). The Supreme Court's decision in *Cox*, however, addresses a materially different question - whether a **passive service provider** may be held contributorily liable for the bad acts of third-party users based on knowledge of their infringing conduct.

Put simply, *Cox* does not apply because Plaintiffs do not allege Udio's users caused the copyright infringement at issue.

In *Cox*, the Court held that contributory liability of a service provider requires intent, which may be shown only if the defendant either: (1) induced infringement or (2) provided a service "tailored to infringement." 2026 WL 815823, at *6. Neither of the two-prongs in *Cox* support dismissal of Plaintiffs' Count II (direct copyright infringement) here.

**As to the first prong**, *Cox* explains that inducement requires active encouragement of infringement through specific acts, such as promotion or advertising. *Id*. at *7. The *Cox* case involved an internet service provider that "simply provided Internet access" and did not itself engage in infringing conduct. *Id.* at *9. Here, Plaintiffs do not allege that Udio merely failed to prevent user infringement or passively enabled third-party conduct. Rather, Plaintiffs allege that **Udio itself** scraped Plaintiffs' copyrighted songs, trained its AI model on Plaintiffs' songs, and caused its AI model to generate infringing outputs reproducing Plaintiffs' songs. FAC, ¶¶ 373-381. These allegations concern direct, volitional conduct by Udio. Accordingly, the inducement analysis in *Cox* is inapplicable.

**As to the second prong**, *Cox* held that a service is "tailored to infringement" only where it is not capable of "substantial" or "commercially significant" non-infringing uses. *Cox*, 2026 WL 815823,

**D**ELGADO **E**NTERTAINMENT **L**AW, PLLC

at *9. The Court reached that conclusion in the context of a general-purpose service (such as providing internet access) which is widely used for lawful activities. By contrast, Plaintiffs allege that Udio's AI model was specifically designed to create near exact copies of Plaintiffs' songs. FAC, ¶¶ 62, 282. Meaning, the alleged infringement arises from Udio's AI model design itself, not from incidental misuse by third-party users of an otherwise neutral service.

While Udio appears to blame its users and portray itself as a neutral tool merely subject to misuse, that is not what Plaintiffs' FAC alleges. Udio's reliance on *Cox* is therefore incorrect. *Cox* applies to passive neutral intermediaries and does not address platforms that engage in direct, volitional copyright infringement (as alleged in Plaintiffs' case against Udio). Plaintiffs' allegations fall outside the scope of *Cox*, and Udio's reliance on this decision provides no basis for dismissal of Plaintiffs' Count II (for **direct** copyright infringement).

At the pleading stage, the Court must accept Plaintiffs' factual allegations as true and draw all reasonable inferences in Plaintiffs' favor. Plaintiffs have plausibly alleged direct copyright infringement as a feature of the Udio AI model, and infringing outputs thereto.

For these reasons, and those set forth in Plaintiffs' Response in Opposition to Motion to Dismiss (Dkt. 43), the Court should deny Udio's Motion.

Sincerely,

Krystle M. Delgado
Delgado Entertainment Law, PLLC