UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

JUSTICE, ET AL.,

                         Plaintiffs,

        -against-

UNCHARTED LABS, INC., d/b/a Udio.com,

                         Defendant.

------------------------------------------------------------------- x

: **ORDER AND OPINION**
: **GRANTING IN PART AND**
: **DENYING IN PART**
: **DEFENDANT'S MOTION TO**
: **DISMISS**
:
: 25 Civ. 5026 (AKH)

**ALVIN K. HELLERSTEIN, U.S.D.J.:**

Plaintiffs, a putative class of independent recording artists, filed suit against

Defendant Uncharted Labs, Inc., d/b/a Udio.com ("Udio"), on June 16, 2025, alleging copyright

infringement, circumvention of technological measures, and violation of the Tennessee

Consumer Protection Act or Tennessee Common Law.[1] *See* ECF No. 37. I have subject matter

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Defendant moves to dismiss Plaintiffs'

Second, Third, and Fourth Causes of Action. *See* ECF Nos. 41, 42.

FACTUAL BACKGROUND

Plaintiffs are a putative class of independent artists and companies that produce,

own, and commercialize recordings through various media. *See* ECF No. 37 at ¶¶ 7, 31, 49-60.

Defendant Udio is a Delaware corporation with its principal place of business in New York, New

York. *See id.* at ¶ 97. Udio engages in AI music generation services and allows users to enter

prompts and generate music in various styles, including mimicking particular instruments,

---

[1] While the First Amended Complaint initially alleged violations of the Tennessee Consumer Protection Act, *see* ECF No. 37 at ¶¶ 399-408, Plaintiffs' memorandum of law in opposition to Defendant's motion to dismiss claims that the citation to the TCPA was inadvertent and that Count 4 was always intended to be a common-law unfair competition claim that was mistakenly pleaded otherwise. *See* ECF No. 43 at 19-22. Plaintiffs, in their memorandum of opposition, move this Court for leave to amend the Complaint to conform to this stated intention. *See id.; see also* Fed. R. Civ. P. 15(a)(2).

1

genres, and specific artists. *See id.* at ¶¶ 114-15. Udio offers both free and paid versions of its services to users. *See id.* at ¶¶ 145-46.

Plaintiffs allege Udio trains its generative AI models on their songs, including copyrighted sound recordings without authorization, to create competing music in the same marketplace. *See id.* at ¶¶ 25, 226, 238, 353. Plaintiffs allege Udio obtained these files by pirating sound recordings from streaming platforms, including YouTube and Spotify, bypassing technological protection measures designed to prevent unauthorized access to the underlying media in a process known as "stream ripping." *See id.* at ¶¶ 39-40.

Defendant moves to dismiss Plaintiffs' Second, Third, and Fourth Causes of Action, which include allegations that Defendant prepared derivative works based upon copyrighted work; circumvented technological measures; and violated the Tennessee Consumer Protection Act or Tennessee Common Law.[2] *See* ECF Nos. 42, 45.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While considering a motion to dismiss, the Court must accept all of the complaint's factual allegations as true and draw all reasonable inferences in the pleader's favor. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).

---

[2] *See supra* note 1.

## DISCUSSION

**I.    17 U.S.C. § 106(2) (Second Cause of Action)**

Plaintiffs' Second Cause of Action alleges Defendant violated 17 U.S.C. § 106(2), which provides that the owner of a copyright has the exclusive rights to do and to authorize the preparation of "derivative works based upon the copyrighted work[.]" 17 U.S.C. § 106(2).  A "derivative work" is defined as a "work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.  For example, works "consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship" constitute derivative works. *Id.*

To state a claim for copyright infringement through the preparation of a derivative work, Plaintiffs must allege that Defendant prepared a work that is substantially similar to the protectible elements of Plaintiffs' works. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63, 69 (2d Cir. 2010); *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 354 F.3d 112, 117 (2d Cir. 2003) (explaining that if a secondary work is not substantially similar to the original, it is not a derivative work) (citation omitted), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).  Though Plaintiffs need not prove infringement at the pleading stage, they must plausibly allege it.  In keeping with this burden, Plaintiffs must identify "with some degree of specificity" how Defendant's works are substantially similar to their own. *Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 162 (S.D.N.Y. 2024) (citation omitted); *see also Peter F. Gaito Architecture*, 602 F.3d at 69.

Plaintiffs allege that Udio trained its AI model on their copyrighted sound recordings, that the model is capable of, and does, "regurgitate protected material from its training data" that is not transformative.  ECF No. 37 at ¶¶ 337-44.  Plaintiffs assert, upon

3

information and belief, that their own works have been reproduced in this way, the outputs are substantially similar, if not identical to their own, and point to a U.S. Copyright Office Report that asserts these types of models "likely infringe" copyright protections. *Id.* ¶¶ 38, 236, 376.

Plaintiffs' claim lacks sufficient specificity to proceed as pleaded. Courts have dismissed copyright claims, including in the context of generative AI, where insufficient facts were alleged to demonstrate substantial similarity to their works. *See Tremblay v. OpenAI, Inc.*, 716 F. Supp. 3d 772, 778 (N.D. Cal. 2024) (dismissing a putative class copyright claim because plaintiffs "fail[ed] to explain what the outputs entail or allege that any particular output is substantially similar – or similar at all – to their books."); *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 868 (N.D. Cal. 2023) ("I am not convinced that copyright claims based [on] a derivative theory can survive absent 'substantial similarity' type allegations."). Plaintiffs identify no specific Udio output substantially similar to any work they own, relying instead on conclusory allegations relating to their own works, the similarities of Udio outputs to works owned by third parties, and the general assertion that Udio's system is capable of the preparation of derivative works. Despite Plaintiffs' arguments that discovery is required to demonstrate these substantial similarities to the underlying class, Udio is publicly accessible, and Plaintiffs are capable of demonstrating infringing outputs, of at least the named Plaintiffs' works, if they exist. *See, e.g., Sony Music Ent., et al., v. Uncharted Labs, Inc., et al.*, No. 24 Civ. 4777 (AKH), Am. Compl., ECF No. 119 (S.D.N.Y. Oct. 6, 2025).

Accordingly, Defendant's motion to dismiss Plaintiffs' Second Cause of Action is granted. Plaintiffs are given leave to amend this Cause of Action within 30 days in a manner consistent with this opinion.

## II.    17 U.S.C. § 1201 (Third Cause of Action)

Section 1201 distinguishes between two types of technological protection measures. Specifically, "the focus of subsection 1201(a)(2) is circumvention of technologies

4

designed to *prevent access* to a work [commonly called "access controls"], and the focus of subsection 1201(b)(1) is circumvention of technologies designed to *permit access* to a work but *prevent copying* of the work or some other act that infringes a copyright [commonly called "copy controls"]." *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 441 (2d Cir. 2001) (emphasis in original); 17 U.S.C. § 1201. "In short, the statute contains a prohibition on the circumvention of access controls, ... but does not prohibit the circumvention of copy controls. [Additionally,] [t]rafficking in access or copy controls is prohibited." *Sony Music Ent., et al., v. Uncharted Labs, Inc., et al.*, No. 24 Civ. 4777 (AKH), 2026 WL 1019199, at *3 (S.D.N.Y. Apr. 15, 2026) (citations omitted).

To state a Section 1201(a) claim, Plaintiffs must allege both that YouTube and Spotify maintain "technological measure[s] that effectively control[] access" to copyrighted works and that Udio "circumvented" those technological measures. *See In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-CV-4315, 2025 WL 3635559, at *4 (S.D.N.Y. Dec. 15, 2025); 17 U.S.C. § 1201(a).

In the related case, *Sony Music Ent., et al., v. Uncharted Labs, Inc., et al.*, major record companies and recorded music businesses filed suit against Udio under the same statute. *See Sony Music Ent., et al., v. Uncharted Labs, Inc., et al.*, No. 24 Civ. 4777 (AKH), 2026 WL 1019199, at *2 (S.D.N.Y. Apr. 15, 2026). I reasoned in *Sony*, on a motion to dismiss the same cause of action, that the complaint there plausibly alleged that "YouTube employs technological measures that regulate access to its content and that Defendant circumvented them under the pleading standard set by Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at *3. I noted that whether the technological measures at issue "ultimately constitute access controls within the meaning of § 1201 requires a greater factual record than the pleadings contain," and that the Defendants in that case would be able to renew their arguments after the development of a

5

factual record. *Id.* Plaintiffs here additionally allege circumvention of Spotify's technological protection measures. *See* ECF No. 37 at ¶¶ 39-40.

I see no reason to deviate from my reasoning in *Sony* and rule similarly here. Accordingly, Defendant's motion to dismiss the Third Cause of Action is denied. As in *Sony*, Defendant may renew its argument after the development of a factual record.

III.    **Tennessee Consumer Protection Act and/or Tennessee Common Law (Fourth Cause of Action)**

A complaint may not be amended through briefing papers.[3] *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Nevertheless, in the interest of judicial efficiency, I address both the Tennessee Consumer Protection Act claim pleaded in the Complaint and Plaintiffs' proposed Tennessee common-law unfair competition theory. Both claims fail as they are preempted by the Copyright Act.

"[T]he Copyright Act preempts state law claims asserting rights equivalent to those protected within the general scope of the statute." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 93 (2d Cir. 2016) (*citing* 17 U.S.C. § 301(a)). State law claims are preempted by the Copyright Act when "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103 [(the "subject matter requirement")], and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106 [(the "equivalence" or "general scope" requirement)]." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (citations omitted).

---

[3] *See supra* note 1.

Both prongs are satisfied here. Plaintiffs' sound recordings are works of authorship protected by 17 U.S.C. § 102(a)(7). *See* 17 U.S.C. § 102(a)(7). Therefore, the "subject matter" prong is satisfied.

The equivalence (or "general scope") prong is also met. To determine if a state law claim is qualitatively different from a copyright claim, "we look at what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Briarpatch,* 373 F.3d at 306 (cleaned up, quotation marks and citation omitted). The Second Circuit takes a "restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Id.*

Plaintiffs' arguments that extra elements in their claim allow it to survive preemption are unavailing. Plaintiffs argue Defendant's actions create an unfair market advantage that is distinct from its purported copyright infringement. *See* ECF No. 43 at 19-22. However, this describes alleged harms that resulted from Defendant's alleged infringement actions. It is not qualitatively distinct from a copyright infringement claim. *See Tremblay v. OpenAI, Inc.,* 742 F. Supp. 3d 1054, 1058-59 (N.D. Cal. 2024); *Hamlin v. Trans-Dapt of California, Inc.,* 584 F. Supp. 2d 1050, 1062 (M.D. Tenn. 2008) (an "unfair competition/TCPA claim ... based solely on rights granted by the Copyright Act: that the defendant reproduced and distributed derivative works based on the plaintiff's copyrighted work" was held not to be qualitatively different from copyright infringement and was preempted by the Copyright Act); *Brainard v. Vassar,* 625 F. Supp. 2d 608, 622 (M.D. Tenn. 2009); *see also Cheairs v. Thomas,* No. 2:20-CV-2494-SHL-TMP, 2023 WL 1442956, at *6-8 (W.D. Tenn. Feb. 1, 2023) (holding the Tennessee Consumer Protection Act was preempted where plaintiff's claims were "fundamentally about the unauthorized reproduction and distribution of her work"). Therefore, Plaintiffs' claim is preempted.

7

Nor can Plaintiffs avoid preemption because putative Subclass Members lack copyright registrations. "As unregistered works fall within the scope of the Copyright Act's protection, preemption extends to causes of action concerning unregistered works, as well as registered works." *Alexander Interactive, Inc. v. Leisure Pro Ltd.*, No. 14-CV-2796 PKC, 2014 WL 4651942, at \*6 (S.D.N.Y. Sept. 16, 2014) (citation omitted); *see also In re Jackson*, 972 F.3d 25, 42-43 (2d Cir. 2020) (preemption applies "even if the subject of the claim is for some reason ineligible for copyright protection"); *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429-30 (2d Cir. 2012) ("The scope of copyright for preemption purposes, then, extends beyond the scope of available copyright protection."). Plaintiffs' sound recordings are copyrightable works under § 102(a)(7) regardless of registration status and fall within the ambit of § 301. *See Briarpatch,* 373 F.3d at 305; *see also* 17 U.S.C. § 301(a).

Accordingly, the Fourth Cause of Action is dismissed.

### CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiffs' Second Cause of Action is granted and Plaintiffs are given leave to amend their Complaint as to this Cause of Action within 30 days of the issuance of this opinion; Defendant's motion to dismiss Plaintiffs' Third Cause of Action is denied; and Defendant's motion to dismiss Plaintiffs' Fourth Cause of Action is granted.

The parties will appear at a telephonic status conference to be held on July 17, 2026, at 10:00 a.m. Dial-in information will be made available in advance.

The Clerk shall terminate ECF No. 41.

SO ORDERED.

Dated:        May 21, 2026
              New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

8