UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY JUSTICE and 5TH WHEEL RECORDS, INC., and MY HEARTLAND PUBLISHING, LLC, *each individually and on behalf of all others similarly situated*,

          *Plaintiffs*,

    v.

UNCHARTED LABS, INC., d/b/a Udio.com,

          *Defendant*.

Case No. 1:25-cv-05026-AKH

Hon. Alvin K. Hellerstein

---

**DEFENDANT UNCHARTED LABS, INC., D/B/A UDIO.COM'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION RELATED TO COUNT IV OF ITS FIRST AMENDED COMPLAINT PURSUANT TO LOCAL RULE 6.3**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................1

LEGAL STANDARD ...................................................................................................................1

ARGUMENT ..............................................................................................................................2

I.     Plaintiffs' Motion For Reconsideration Is Improper................................................2

II.    Plaintiffs' New Arguments Are Meritless ..............................................................3

III.   This Court Properly Denied Leave To Amend .......................................................5

CONCLUSION...........................................................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Accelecare Wound Centers, Inc. v. Bank of New York*,
2009 WL 2482151 (S.D.N.Y. Aug. 11, 2009)................................................................2

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
2009 WL 1514310 (S.D.N.Y. May 29, 2009) ...............................................................3

*Analytical Survs., Inc. v. Tonga Partners, L.P.*,
684 F.3d 36 (2d Cir. 2012)......................................................................................2, 6

*B & L Corp. v. Thomas & Thorngren, Inc.*,
917 S.W.2d 674 (Tenn. Ct. App. 1995) .......................................................................5

*Benjamin v. Goord*,
2010 WL 3341639 (S.D.N.Y. Aug. 18, 2010)..............................................................2

*Bernshtein v. City of N.Y.*,
2010 WL 11591782 (S.D.N.Y. July 29, 2010).............................................................1

*Brown v. Ames*,
201 F.3d 654 (5th Cir. 2000) .......................................................................................4

*Dade Int'l, Inc. v. Iverson*,
9 F. Supp. 2d 858 (M.D. Tenn. 1998) ..........................................................................5

*Facenda v. N.F.L. Films, Inc.*,
542 F.3d 1007 (3d Cir. 2008) ......................................................................................4

*Hamlin v. Trans-Dapt of California, Inc.*,
584 F. Supp. 2d 1050 (M.D. Tenn. 2008).....................................................................5

*Jackson v. ProAmpac LLC*,
2024 WL 3378036 (S.D.N.Y. July 11, 2024).................................................................3

*In re Jackson*,
972 F.3d 25 (2d Cir. 2020)..................................................................................3, 4, 5

*Juca v. Carranza*,
2019 WL 6879323 (S.D.N.Y. Dec. 16, 2019) ..............................................................2

*Midler v. Ford Motor Co.*,
849 F.2d 460 (9th Cir. 1988) .......................................................................................4

*Navigators Ins. Co. v. Goyard, Inc.*,
623 F. Supp. 3d 220 (S.D.N.Y. 2022)...........................................................................3

*Perdomo v. Decker*,
   2017 WL 4280688 (S.D.N.Y. Sept. 20, 2017) ............................................................1

*Pichardo v. Ashcroft*,
   374 F.3d 46 (2d Cir. 2004)........................................................................................1

*Smith v. CPC Int'l, Inc.*,
   104 F. Supp. 2d 272 (S.D.N.Y. 2000), *aff'd*, 33 Fed. App'x 586 (2d Cir. 2002).......................6

*Titan Cloud Software, LLC v. Moore*,
   2024 WL 5110062 (M.D. Tenn. Dec. 12, 2024) .........................................................5

*Waits v. Frito-Lay, Inc.*,
   978 F.2d 1093 (9th Cir. 1992) ...................................................................................4

## **Other Authorities**

Local Civ. R. 6.3 ...................................................................................................2

Defendant Uncharted Labs, Inc., d/b/a Udio.com ("Udio") respectfully submits this Memorandum of Law in opposition to Plaintiffs' Motion for Reconsideration.

## PRELIMINARY STATEMENT

Plaintiffs' motion for reconsideration ("Mot.") should be denied. In its May 21 order ("Or."), this Court properly dismissed Plaintiffs' Count IV with prejudice. Although Plaintiffs originally pled Count IV as a Tennessee Consumer Protection Act ("TCPA") claim, in opposition to Udio's motion to dismiss, Plaintiffs maintained Count IV was actually meant to be a Tennessee common law unfair competition claim. This Court thus considered both the TCPA claim and the proffered unfair competition claim and properly found both preempted by the Copyright Act. Plaintiffs identify no facts or controlling precedent that this Court overlooked in that decision and instead seek only an improper second bite at the apple.

The reconsideration motion consists of entirely new arguments not previously raised. Moreover, the cases on which Plaintiffs rely are almost exclusively from other circuits and do not qualify as "controlling decisions" as required by Local Rule 6.3. Plaintiffs' arguments also lack merit. The only binding authority Plaintiffs cite supports a finding of preemption, and the out-of-circuit cases are inapposite. Plaintiffs likewise offer no basis to disturb this Court's denial of leave to amend, as any amendment would be futile because Plaintiffs' claim would remain preempted. Accordingly, this Court should deny Plaintiffs' motion for reconsideration.

## LEGAL STANDARD

"A motion to reconsider 'is not favored and is properly granted only upon a showing of exceptional circumstances.'" *Bernshtein v. City of N.Y.*, 2010 WL 11591782, at *1 (S.D.N.Y. July 29, 2010) (Hellerstein, J.) (quoting *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Perdomo v. Decker*, 2017 WL 4280688, at *1

1

(S.D.N.Y. Sept. 20, 2017) (Hellerstein, J.) (quoting *Benjamin v. Goord*, 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010)). It is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (ellipses and quotations omitted). "A motion for reconsideration should be granted only where the moving party demonstrates that the court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed the court's decision." *Accelecare Wound Centers, Inc. v. Bank of New York,* 2009 WL 2482151, at *1 (S.D.N.Y. Aug. 11, 2009); *see also* Local Civ. R. 6.3 (movant must set forth "matters or controlling decisions … the Court has overlooked"). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Juca v. Carranza*, 2019 WL 6879323, at *2 (S.D.N.Y. Dec. 16, 2019) (quotations omitted).

## ARGUMENT

### I.    Plaintiffs' Motion For Reconsideration Is Improper

Plaintiffs fail to identify any "overlooked" facts or caselaw. Instead, Plaintiffs raise entirely new arguments, and thus are not entitled to reconsideration. *See Analytical Survs.*, 684 F.3d at 52.

Plaintiffs' argument in opposition to Udio's motion to dismiss Count IV rested almost entirely on their contention that the state law unfair competition claim was not preempted because Udio had an "unfair market advantage" from "using Plaintiffs' creative identity and output." Opp. 22. After this Court properly rejected Plaintiffs' "unfair market advantage" argument, Or. 7, they now argue that the unfair competition claim is not preempted because they alleged "the use of

2

Plaintiffs' voices, personas, and identities as AI training inputs" and because Tennessee unfair competition law has a "broad scope." Mot. 6-7. Plaintiffs failed to raise these arguments in opposition to Udio's motion to dismiss and cannot now raise them in a reconsideration motion. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 2009 WL 1514310, at *3 (S.D.N.Y. May 29, 2009) (denying reconsideration where party "chose not to raise this argument at an earlier stage in the litigation" because party cannot "advance a new argument that was not previously presented to the Court"), *aff'd*, 684 F.3d 36 (2d Cir. 2012).

Additionally, Plaintiffs' arguments rely almost entirely on caselaw that was not cited in the motion-to-dismiss briefing. As such, contrary to Plaintiffs' contention, this Court did not "overlook" any precedent. *See Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 223 (S.D.N.Y. 2022) ("In deciding a motion for reconsideration, a court need not consider previously uncited cases…."). Moreover, Plaintiffs do not cite any **controlling** caselaw that the Court overlooked. Instead, Plaintiffs largely rely on out-of-circuit decisions, *see* Mot. 7-8, which are not a basis upon which to grant a motion for reconsideration, *see Jackson v. ProAmpac LLC*, 2024 WL 3378036, at *2 (S.D.N.Y. July 11, 2024) ("Persuasive authority is not a basis for reconsideration.").

Accordingly, Plaintiffs' motion for reconsideration should be denied because Plaintiffs fail to identify any overlooked facts or caselaw and instead raise new arguments and invoke non-controlling authority.

## II.    Plaintiffs' New Arguments Are Meritless

Even if this Court were to consider Plaintiffs' new arguments, they do not support reconsideration because they lack merit. The only binding authority on which Plaintiffs rely (Mot. 8-9), *In re Jackson*, 972 F.3d 25 (2d Cir. 2020), supports a finding of preemption. As explained in Udio's motion to dismiss, although the FAC makes references to Plaintiffs' "distinctive

3

identifiers," FAC ¶ 150, such as their voice, the "gravamen" of Plaintiffs' unfair competition claim focuses on the copyrighted works in which their voices are embodied. *Jackson*, 972 F.3d at 47-48. Plaintiffs' allegations "seek[] to exert 'control of the [copyrighted] work itself,'" and do not allege that Udio sought to "secure advantage" by emphasizing Plaintiffs' identities. *Id.* at 50 (gravamen of a claim is use of the work when defendant used the work for its own value, not to exploit plaintiff's identity). Although Plaintiffs' reconsideration motion attempts to frame the unfair competition claim as focusing on Plaintiffs' voices and identity, courts often find preemption "notwithstanding the contentions of the plaintiffs that their suits were directed against unauthorized use of their names or likenesses." *Id.* at 46. Here, Plaintiffs' references to their voices and personas are nothing but "a pretextual justification for an effort to prevent or otherwise control the reproduction or dissemination of a copyrighted work." *Id*. Accordingly, their unfair competition claim is preempted.

Plaintiffs' out-of-circuit caselaw is inapposite. All the cases Plaintiffs cite involve right-of-publicity claims that concerned the use of a celebrity's or artist's likeness to advertise or endorse a product. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1098 (9th Cir. 1992); *Midler v. Ford Motor Co.*, 849 F.2d 460, 463 (9th Cir. 1988); *Brown v. Ames*, 201 F.3d 654, 656 (5th Cir. 2000);[1] *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1011 (3d Cir. 2008). Plaintiffs do not assert a right-of-publicity claim in this action. Moreover, preemption is less likely in the advertisement and endorsement context. *See Jackson*, 972 F.3d at 47; *Facenda*, 542 F.3d at 1029. Plaintiffs' unfair competition claim bears no resemblance to the right-of-publicity cases Plaintiffs rely on concerning the use of a celebrity's likeness in an advertisement or as an endorsement. Plaintiffs'

---

[1] *Waits*, *Midler*, and *Brown* involve "misappropriation" claims, which are a form of right-of-publicity claim. *See Waits*, 978 F.2d at 1100.

allegations instead are more like the facts in *Jackson*, where sampling the performer 50 Cent's song did not suggest endorsement. 972 F.3d at 51 (claim preempted when there was no "contextual implication of endorsement").

*Hamlin v. Trans-Dapt of California, Inc.*, also does not support Plaintiffs' argument. 584 F. Supp. 2d 1050 (M.D. Tenn. 2008) (Mot. 6). While the court there recognized that unfair competition claims "*can* arise outside the context of alleged misuse of copyrighted or copyrightable materials and as such would not be preempted," the court noted that "in the majority of the reported cases in which clashes between unfair competition claims and the copyright regime were presented, the courts properly found that the state claims were preempted." *Id.* at 1061 (emphasis in original). And, like in *Hamlin*, Plaintiffs are unable to point to any element of their unfair competition claim that is qualitatively different from that of their copyright claim.[2] *Id.*

The Tennessee unfair competition cases that Plaintiffs cite (Mot. 6-7) all involved employment disputes and say nothing about whether Plaintiffs' claim is preempted. *B & L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 676 (Tenn. Ct. App. 1995); *Dade Int'l, Inc. v. Iverson*, 9 F. Supp. 2d 858, 860 (M.D. Tenn. 1998); *Titan Cloud Software, LLC v. Moore*, 2024 WL 5110062, at *1-2 (M.D. Tenn. Dec. 12, 2024). Nor does the "broad scope" (Mot. 7) of Tennessee unfair competition affect the preemption analysis.

## III.    This Court Properly Denied Leave To Amend

Plaintiffs articulate no permissible basis for this Court to reconsider its decision denying leave to amend Count IV; they do not identify any facts or caselaw that this Court overlooked. In the motion-to-dismiss briefing, Plaintiffs requested amendment only to "correct the Count 4

---

[2]  In arguing otherwise, Plaintiffs point only to allegations about their voice and identities. *See* Mot. 4-5. But that goes to the "subject matter" prong, not the "general scope" prong. And for the reasons explained above and in Udio's initial briefing, the "subject matter" prong is satisfied here.

[TCPA] citation" and maintained that their unfair competition claim "otherwise relies on the same facts already plead [sic]." Opp. 4; *see also* Opp. 21 ("The amendment merely clarifies the intended legal theory; it does not alter the operative facts or the scope of discovery."). This Court thus did not "surmis[e] what it believed Plaintiffs would have alleged in such an amended complaint" when it denied leave to amend. Mot. 9-10. Instead, it properly took Plaintiffs at their word that there were no other necessary facts required for their unfair competition claim. In considering both a TCPA and unfair competition claim based on the facts alleged, this Court did not misapprehend or overlook any facts in dismissing Count IV without leave to amend.

Plaintiffs now claim that if they could they "would have further alleged that their voices, personas, and identities were extracted and utilized independently from the underlying sound recordings and manipulated in a manner designed to bring those identity-based attributes into focus for purposes of training and developing Defendant's AI technology." Mot. 6 n.3. Given that Plaintiffs did not raise this argument as a basis for leave to amend in the initial briefing, this argument does not warrant reconsideration. *See Analytical Survs.*, 684 F.3d at 52. Moreover, other than their conclusory assertion that Udio used Plaintiffs' voices, personas, and identities, Plaintiffs still fail to identify any specific facts that would warrant granting leave to amend.

In any event, for the reasons outlined in Part II, in Udio's Reply Brief in support of its motion to dismiss, and in this Court's decision, Plaintiffs' amended unfair competition claim would still be preempted and amendment would be futile. *See Smith v. CPC Int'l, Inc.*, 104 F. Supp. 2d 272, 274 (S.D.N.Y. 2000) ("Amendment may be denied if the amended claim would be futile."), *aff'd*, 33 F. App'x 586 (2d Cir. 2002). Amendment would also be futile for the additional reason that Plaintiffs cannot state an unfair competition claim, as is explained in Udio's Reply

6

Brief in support of its motion to dismiss.  Plaintiffs' reconsideration motion puts forth no reason to believe otherwise.

## CONCLUSION

For the foregoing reasons, Udio respectfully requests that this Court deny Plaintiffs' motion for reconsideration.

DATED:    June 17, 2026

QUINN EMANUEL URQUHART &
   SULLIVAN, LLP


By:  */s/ Andrew Schapiro*
   Andrew Schapiro
   William F. Patry
   Jessica A. Rose
   Dylan I. Scher
   295 5th Avenue
   New York, New York 10016-7103
   (212) 849-7000
   andrewschapiro@quinnemanuel.com
   williampatry@quinnemanuel.com
   jessicarose@quinnemanuel.com
   dylanscher@quinnemanuel.com

   *Attorneys for Defendant Uncharted Labs,
   Inc., d/b/a Udio.com*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Andrew Schapiro, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1 that the annexed Memorandum of Law was prepared using Microsoft Word and the document contains 1,935 words as calculated by the application's word-counting function, excluding the parts of the Memorandum exempted by Local Civil Rule 7.1(c).

I certify under the penalty of perjury the foregoing statements are true and correct. Executed on this seventeenth day of June, 2026 in New York, New York.


By: _/s/ Andrew Schapiro_
       Andrew Schapiro

8